**VILAS v CHRISTOPHER et**

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10684. Decided June 2, 1930

Simmons, DeWitt & Vilas, Cleveland, for Vilas.

Caldwell, Suhr & Prasse, Cleveland, for Christopher, et.

VICKERY, PJ.

We do not want to be understood nor are we saying that a man who enters into a 99 year lease cannot legitimately sell his other property, for he can, and the person who buys it and pays value for it, has a clear and good title to it; but we do mean to say that a man cannot, when he owes money or money is coming due, in anticipation of defeating a just claim that one had or was about to have against him,—we do mean to say that he cannot transfer all of his property to his wife and thus put it beyond the reach of his past creditors or his creditors to come. If such could be done a man could create obligations and then avoid responsibility by transferring to and keeping in the name of his wife the property upon which he had obtained the credit.

When this 99 year lease was made between Vilas and Christopher, Vilas made some investigations and found that Christopher was financially responsible and upon the strength of that he made this deal.

Now it seems that the learned judge below was of the opinion,—and the argument was made there and here—that inasmuch as security had been taken that it was the duty of Vilas to pursue the surety rather than the principal. This is a proposition of law so naive and novel that it excites one's curiosity. Remember this is a 99 year lease and I do not remember now how long this security was to be good for, but at the time this obligation accrued, the note and mortgage were not due, but whether they were or not, if Vilas was relegated to his security and not to the principal, he could use up that security and then, the principal having transferred his property, it would have been so long transferred that if he undertook to set it aside afterwards the equitable doctrine of estoppel might apply. But even if he had secured a judgment and collected his judgment out of the surety, the surety would be subrogated to the rights of the creditor and he could have procured the setting aside of this transfer, but it is the first time that I think I have ever known that one must pursue a surety and let the principal go. The principal is primarily liable and always liable and he can be pursued without reference to the surety. The surety is only added security, and if Christopher had lost his property or had

transferred it to a bona fide holder for value and it could not have been reached, Vilas could go after this surety undoubtedly and recover and he might have done so had he so chosen in the first instance for the default in the payment of rent: but to say that he **must** do so, that he cannot at first bring an action against the principal is not the law.

When these debts became due and the man who owed them transferred all his property, saving nothing to pay his debts, a cause of action arose by any creditor to set aside that transfer, and that is especially true when he transfers it to his wife without any consideration or nothing more than a nominal consideration. If that were not the law, no business man would be safe. Nor do we think it is necessary to have an execution returned nulla bona.

There is no evidence in this record that this man Christopher owned any other property. There is no evidence that an execution could have been satisfied. The record on that question is that he had no other property. The last piece of property he had which he transferred was his automobile.

We think the plaintiff is entitled to the relief he seeks and there may be a decree in favor of the plaintiff.

Sullivan and Levine, JJ, concur.